IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JOHN EPPERSON, )
 )
      Plaintiff, )
 )
v. ) Case No. 25-CV-269-JFH-MTS
 )
TOWN OF SALINA, OK, )
a political subdivision, )
 )
      Defendant. )

## REPORT AND RECOMMENDATION

Before the Court is the above-styled case. (Docket No. 1). The case was referred to the undersigned Magistrate Judge for all further proceedings in accordance with 28 U.S.C. § 636 by United States Chief District Judge John F. Heil, III. (Docket No. 4). For the reasons discussed herein, the undersigned **RECOMMENDS** the case be **DISMISSED WITHOUT PREJUDICE**.

## Background and Procedural History

On June 2, 2025, Plaintiff John Epperson ("Plaintiff"), proceeding *pro se*, filed his Complaint (Docket No. 1), alleging claims against Defendant Town of Salina, Oklahoma ("Defendant"). He describes his claims as discrimination based upon his disability of irritable bowel syndrome and retaliation for reporting certain "unlawful acts." *Id.* at 2-3. Plaintiff alleges Defendant was his employer and terminated him from his position "as a part-time volunteer law enforcement officer" because of his disability. *Id.* He appears to bring two claims, including (1) disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§ 12101–12213, for discrimination based upon a disability ("Count One");[1] and retaliation pursuant to the ADA and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

---

[1] The Court notes Plaintiff does not specifically cite to the federal statute covering the ADA.

U.S.C. §§ 2000e–2000e-17 ("Count Two"). *Id.* at 3-4. As relief, Plaintiff seeks (1) compensatory damages for humiliation, embarrassment, and emotional and mental distress; (2) interest and costs; and (3) other relief deemed appropriate by the Court. *Id.* at 4.

In the Complaint, Plaintiff contends he received a "Notice of Suit Rights" from the Equal Employment Opportunity Commission ("EEOC") on March 7, 2025, and that he filed his Complaint within 90 days of its receipt. (Docket No. 1 at 2-3). He asserts he has exhausted his administrative remedies. *Id.* at 3. However, other than referencing the March 7 date, Plaintiff's Complaint fails to provide additional information about when the alleged discrimination or retaliation took place or when Plaintiff filed his charge of discrimination. Moreover, Plaintiff failed to attach the charge of discrimination or the right-to-sue letter to the Complaint.

Due to various deficiencies in his Complaint, the undersigned issued an Order on July 18, 2025, detailing the deficiencies and allowing Plaintiff the opportunity to amend his Complaint on or before August 8, 2025. (Docket No. 5). The Order also advised Plaintiff that, if he failed to comply, his claims may be dismissed without prejudice. *Id.* at 6. To date, Plaintiff has not filed an amended complaint.

## **Legal Standard**

Because Plaintiff obtained leave to proceed *in forma pauperis*, the requirements of 28 U.S.C. § 1915(e)(2) apply. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Under § 1915(e)(2), a court is required to dismiss a case if at any time it determines "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted[.]" A court reviewing a *pro se* plaintiff's complaint must broadly construe the complaint's allegations to determine if the plaintiff can state a claim upon which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "In determining whether a

dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (citing *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)).

Although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," it is not the role of the court "to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Garrett v. Selby Connor Maddux & Janar*, 425 F.3d 836, 840 (10th Cir. 2005) ("[A]lthough we make some allowances for 'the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]' the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.") (quoting *Hall*, 935 F.2d at 1110). Thus, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

## **Discussion**

Plaintiff's Complaint is subject to dismissal under § 1915(e)(2) because he failed to plead when the alleged disability discrimination and retaliation took place and has not included enough information for the Court to determine if he exhausted administrative remedies. Moreover, the undersigned provided Plaintiff the opportunity to amend his Complaint, given his *pro se* status, which he chose not to do.

3

### A. Exhaustion of Administrative Remedies

"Congress has directed the EEOC to exercise the same enforcement powers, remedies, and procedures that are set forth in Title VII . . . when it is enforcing the ADA's prohibitions against employment discrimination on the basis of disability." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 285 (2002); *see also* 42 U.S.C. § 12117(a) (incorporating by reference 42 U.S.C. § 2000e-5(e)(1) outlining requirements for charge). "A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue-letter." *Lincoln v. BNSF Railway Co.*, 900 F.3d 1166, 1181 (10th Cir. 2018) (quotation omitted); *see also Fort Bend Cty., Texas v. Davis*, 587 U.S. 541, 550-51 (2019) (filing a charge with the EEOC, while not jurisdictional, is a precondition that must be met before bringing a Title VII suit). The requirement is the same for the ADA. *See Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007) ("Title I of the ADA requires a plaintiff to exhaust her administrative remedies before filing suit") (overruled on other grounds by *Lincoln*, 900 F.3d at 1185-86). In Oklahoma, a plaintiff has 300 days from the date of the incident to file a charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1). If the EEOC does not pursue the claim, it will issue the plaintiff a right-to-sue letter, and the plaintiff then has 90 days from the day he receives the letter to file an action. *Id.* § 2000e-5(f).

In *Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159 (10th Cir. 2018), the Tenth Circuit explains the exhaustion rule as follows:

> The exhaustion rule derives from two principal purposes: 1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim . . . . To advance these purposes, after a plaintiff receives a notice of her right to sue from the EEOC, that plaintiff's claim in court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC. While we liberally construe the plaintiff's allegations in the EEOC charge, the charge must contain facts concerning the discriminatory and retaliatory actions underlying each

4

>claim. The ultimate question is whether the conduct alleged in the lawsuit would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made in the EEOC charge.

*Id.* at 1164-65 (internal citations and quotations omitted).

Here, Plaintiff does not provide a timeline of when the events alleged in the Complaint occurred, nor does he attach the charge of discrimination or the right-to-sue letter to the Complaint. The Court cannot determine whether Plaintiff has exhausted his administrative remedies.

### B. Plaintiff's Discrimination and Retaliation Claims

To demonstrate discrimination based upon disability, "an employee must show (1) [he] is disabled within the meaning of the ADA; (2) [he] is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) [he] was discriminated against because of h[is] disability." *Exby-Stolley v. Bd. of Cty. Comm'rs*, 979 F.3d 784, 795 (10th Cir. 2020) (internal quotations omitted). The elements for a retaliation claim under the ADA, include "(1) that [a plaintiff] engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *E.E.O.C. v. Picture People, Inc.*, 684 F.3d 981, 988 (10th Cir. 2012) (quotation omitted).

Although Plaintiff need not plead each element of his *prima facie* case for his discrimination and retaliation claims, *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012), the Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. Here, Plaintiff failed to allege basic facts such as when his employment commenced, when the alleged incidents of discrimination and/or retaliation articulated in the Complaint occurred, who terminated his employment, and when his termination occurred. Moreover, other than general references to the ADA and Title VII, Plaintiff provides no

specific statutory bases for his claims. Thus, the Court finds Plaintiff's Complaint fails to state plausible claims for relief and therefore recommends its dismissal pursuant to 28 U.S.C. § 1915(e)(2).

## Conclusion and Recommendation

Based upon the authorities relied upon herein, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE**.

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b)(2), a party may file specific written objections to this Report and Recommendation within 14 days. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before August 29, 2025. If specific written objections are timely filed, Rule 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions.

*Id.*; *see also* 28 U.S.C. § 636(b)(1). The Tenth Circuit has adopted a "firm waiver rule," which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 15th day of August, 2025.

_____
MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT