IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JOHN EPPERSON,

        Plaintiff,

v.

TOWN OF SALINA, OK,

        Defendant.

Case No. 25-CV-269-JFH-MTS

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Mark T. Steele. Dkt. No. 6. The Magistrate Judge recommends that Plaintiff John Epperson's ("Plaintiff") case be dismissed without prejudice. *Id*. at 1. For the following reasons, the Report and Recommendation [Dkt. No. 6] is adopted by this Court and this action is dismissed without prejudice.

## BACKGROUND

On June 2, 2025, Plaintiff filed his Complaint alleging claims against Defendant Town of Salina, OK ("Defendant") under the Americans with Disabilities Act for disability discrimination and retaliation. Dkt. No. 1. On June 6, 2025, this Court referred the case to the Magistrate Judge for all further proceedings pursuant to 28 U.S.C. § 636. Dkt. No. 4. On July 18, 2025, the Magistrate Judge entered an order granting Plaintiff's motion for leave to proceed *in forma pauperis* and directing Plaintiff to file an amended complaint by August 8, 2025. Dkt. No. 5. In directing Plaintiff to file an amended complaint, the Magistrate Judge identified numerous deficiencies contained in the Complaint. *Id*. at 4-6. The Magistrate Judge further instructed Plaintiff to attach a copy of the Equal Employment Opportunity Commission ("EEOC") charge of discrimination and the right-to-sue letter to the amended complaint. *Id*. at 6. Finally, the

Magistrate Judge warned Plaintiff that failure to comply may result in the dismissal of his action. *Id*. Defendant did not file an amended complaint by the prescribed deadline.

On August 15, 2025, the Magistrate Judge entered the Report and Recommendation recommending that Plaintiff's case be dismissed based on the deficiencies in the Complaint. Dkt. No. 6. The Report and Recommendation noted that, in accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b)(2), specific written objections were to be filed by August 29, 2025. No objections were filed within the prescribed period.

On August 27, 2025, Defendant filed an amended complaint. Dkt. No. 7. The amended complaint appears to be substantively identical to the original Complaint, with the exception of the omission of Plaintiff's retaliation claim. *Id*.

## DISCUSSION

After a Report and Recommendation has been issued, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.; *see also*, 28 U.S.C. § 636(b)(1). However, any objections not properly raised are waived for purposes of review by the District Court. *Klein v. Harper*, 777 F.3d 1144 (10th Cir. 2015); *Silva v. United States*, 45 F.4th 1134 (10th Cir. 2022). An objection to a recommendation is properly raised if it is both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the

heart of the parties' dispute." *Id.*; *see e.g., Lopez v. Colorado*, No. 19-CV-0684-WJM-MEH, 2020 WL 1074756, at *1 (D. Colo. Mar. 6, 2020).[1]  "In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate." *Davis v. GEO Grp. Corr., Inc.*, No. CIV-16-00462-PRW, 2023 WL 2536727, at *1 (W.D. Okla. Mar. 16, 2023) (citing *Summers v. State of Utah*, 927 F.2d 1165, 1167-68 (10th Cir. 1991)).

As noted earlier, no objections were filed to the Magistrate Judge's Report and Recommendation.  The Court further finds that Plaintiff's amended complaint cannot be construed as an objection under 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b)(2).  For one, the amended complaint does not direct the Court's attention to any factual or legal issues that are in dispute as it relates to the Report and Recommendation.  Further, while it is true that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," it is not the role of the Court "to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Furthermore, pro se litigants are still expected to follow fundamental procedural rules.  *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).  Plaintiff was plainly informed that failure to file specific objections to the Report and Recommendation would result in the waiver of any such objections.  Dkt. No. 6 at 6.  For these reasons, the Court cannot construe Plaintiff's amended complaint as an objection to the Report and Recommendation and, absent a specific written objection, the Court finds that a de novo review is not warranted and instead reviews the Report and Recommendation under the clear error standard.

---

[1]  "Unpublished opinions are not precedential, but may be cited for their persuasive value."  10th Cir. R. 32.1(A), 28 U.S.C.; *see also United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

The Court also finds that the amended complaint does not cure all the deficiencies identified in both the Magistrate Judge's July 18, 2025 order and the Report and Recommendation. While the amended complaint omits the retaliation claim, deficiencies in the disability discrimination claim, including the failure to attach the EEOC charge of discrimination and the right-to-sue letter, remain. Therefore, dismissal is still appropriate for the reasons identified in the Report and Recommendation.

Having reviewed the Report and Recommendation, and finding no clear error, the Court adopts the Report and Recommendation.

## CONCLUSION

IT IS THEREFORE ORDERED that the Report and Recommendation [Dkt. No. 6] is ACCEPTED AND ADOPTED as the order of this Court and this action is DISMISSED WITHOUT PREJUDICE. This is a final order terminating this action.

Dated this 8th day of September 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE